IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FANNIE MAE, ALSO KNOWN AS § | | |
| FEDERAL NATIONAL § | | |
| MORTGAGE ASSOCIATION, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. **3:10-CV-1047-L** | |
| § | | |
| SONG WHA LEE & ALL § | | |
| OCCUPANTS, § | | |
| § | | |
| Defendants. § | | |

## MEMORANDUM OPINION AND ORDER

Before the court is Federal National Mortgage Association's Motion to Remand, filed June 11, 2010. After carefully considering the motion, brief, record, and applicable law, the court **grants** Federal National Mortgage Association's Motion to Remand.

**I.    Factual and Procedural History**

On April 12, 2010, Federal National Mortgage Association ("Fannie Mae" or "Plaintiff") filed an Original Petition for Forcible Detainer ("Petition") against Defendants Song Wha Lee and all occupants of 3311 Shining Light Drive, Dallas, Texas 75228 ("Defendants") in the Justice of the Peace Court, Precinct 3, Place 2, Dallas County, Texas. On April 22, 2010, the Justice of the Peace entered a default judgment in favor of Fannie Mae. On April 29, 2010, Defendant Pamela Collins ("Collins") appealed the judgment to the County Court at Law No. 2, Dallas County, Texas. Collins is an occupant of the property at issue. On May 25, 2010, Collins removed the case to this court. Pursuant to 28 U.S.C. § 1447(c), Plaintiff moves to remand this action to the County Court at Law

No. 2 and requests that the court order Collins to pay the attorney's fees and costs it incurred in getting this action remanded.

The court sets forth the facts as alleged in the Petition. This case concerns real property at 3311 Shining Light Drive, Dallas, Texas 75228 (the "Property"). Fannie Mae purchased the Property at a non-judicial foreclosure sale because the mortgagor failed to make required monthly mortgage payments. Plaintiff received the Trustee's Deed as evidence of its title, which provided that upon the sale Defendants were to surrender the Property to Plaintiff or become a tenant at sufferance. In accordance with section 24.005 of the Texas Property Code, Plaintiff demanded in writing that Defendants vacate the Property. Defendants refused to vacate the premises. Plaintiff contends that Defendants were occupying the Property after its foreclosure, violating section 24.002 of the Texas Property Code, and that they did not have a landlord-tenant relationship with Fannie Mae. Collins contends that she has a federal defense pursuant to Public Law 111-22, Title VII, § 702, titled "Protecting Tenants at Foreclosure Act of 2009" ("Foreclosure Act").

Plaintiff is a corporation authorized to do business under Texas law. Collins is a Dallas County resident and is residing on the Property. Plaintiff argues that its state court forcible detainer action does not provide any basis for federal question jurisdiction and that the court lacks diversity jurisdiction. Plaintiff asserts that Collins's defense premised upon the Foreclosure Act does not establish original jurisdiction in federal court. Collins did not file a response to the motion.

## II. Legal Standard for Subject Matter Jurisdiction

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship

exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.; Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *See Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

A federal court has subject matter jurisdiction over cases arising under the Constitution, laws, or treaties of the United States, commonly referred to as "arising under" jurisdiction. 28 U.S.C. § 1331. This provision for federal question jurisdiction is generally invoked by plaintiffs pleading a cause of action created by federal law (such as claims brought pursuant to 42 U.S.C. § 1983, or by defendants removing to federal court because the plaintiff's claim arises under federal law.) This, of course, is not the only manner in which federal question jurisdiction arises.

The Supreme Court recently dealt with what it called a "longstanding, if less frequently encountered, variety of 'federal arising under' jurisdiction." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). *Grable* makes it unequivocally clear that, under this type of "arising under" jurisdiction, the existence of a cause of action created by federal law is not a prerequisite to establish federal question jurisdiction pursuant to 28 U.S.C. § 1331 or removal

jurisdiction pursuant to 28 U.S.C. § 1441(a). *Id.* In deciding whether a state law claim invokes federal jurisdiction, "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314. Otherwise stated, as "the presence of a disputed federal issue and the ostensible importance of a federal forum are never necessarily dispositive," *id.*, a federal court is to decline jurisdiction if the exercise of its jurisdiction is inconsistent "with congressional judgment about the sound division of labor between state and federal courts governing application of [28 U.S.C.] § 1331." *Id.* at 313-14. When a pleading only sets forth state law claims, a federal district court has federal question jurisdiction to entertain the action only if "(1) the state law claims necessarily raise a federal issue or (2) the state law claims are completely preempted by federal law." *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008).

Whether federal question jurisdiction exists over a case removed from state to federal court, or one originally filed in such court, ordinarily "must be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citation omitted). In other words, the complaint must "raise[] issues of federal law sufficient to support federal question jurisdiction." *Rodriguez v. Pacificare of Tex., Inc.*, 980 F.2d 1014, 1017 (5th Cir. 1993).

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance*, 134 F.3d at 1253. Accordingly, if a case is removed to federal court, the

defendant has the burden of establishing subject matter jurisdiction; if a case is initially filed in federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold.

## III. Analysis

### A. Federal Question

Plaintiff moves to remand because it contends that no federal question jurisdiction is raised by the Petition and the court therefore lacks subject matter jurisdiction over this action.[*] Collins contends the court has subject matter jurisdiction because Plaintiff's claims arise under the Foreclosure Act. For federal question jurisdiction to be invoked, a plaintiff's claim must arise under federal law. 28 U.S.C. § 1441(b). In general, removal is proper only when the state court action initially could have been filed in a federal court. 28 U.S.C. § 1441(e)(1)(A). Collins asserts that this case arises under the Foreclosure Act. Plaintiff argues that nothing within the Foreclosure Act is an element of its required proof in establishing a claim under the statutory framework of section 24.002 of Texas Property Code.

The court agrees with Plaintiff. In reference to the "well pleaded complaint" requirement, the complaint must raise "issues of federal law sufficient to support federal question jurisdiction." *Rodriguez*, 980 F.2d at 1017. Forcible detainer actions do not meet this standard. Plaintiff's Petition is simply one to evict Defendants and obtain physical possession of the Property under state law. The Petition raises no federal claim or issue and provides no basis for federal question jurisdiction. The proper court for a forcible detainer action under Texas law is "[a] justice court in the precinct in which the real property is located has jurisdiction in eviction suits . . . [which] include . . . forcible

---

[*] As Collins did not remove this action to federal court on grounds of diversity jurisdiction, the court will not address it.

**Memorandum Opinion and Order – Page 5**

detainer suits." Tex. Prop. Code Ann. § 24.004 (Vernon Supp. 2001). Because the Petition does not raise a federal issue and the state law claims have not been completely preempted by federal law, this court lacks subject matter jurisdiction to entertain this action.

Collins's reference to the Foreclosure Act is also unavailing. A defense to a state-law claim that rests on federal law is insufficient to establish federal question jurisdiction. "A case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). "[T]he fact that federal law may provide a defense to a state claim is insufficient to establish federal question jurisdiction. . . . Even an inevitable federal defense does not provide a basis for removal jurisdiction." *Bernhard*, 523 F.3d at 550-51 (citations omitted). Even if the Foreclosure Act supplied a federal defense for Collins, it would still be insufficient for federal jurisdiction because *Plaintiff's* pleadings must raise the federal claim or issue. Plaintiff's pleadings do not provide a federal basis; thus there is no federal question under the well-pleaded complaint rule. Collins has not met her burden in establishing federal question jurisdiction over this action. The court therefore determines that it lacks subject matter jurisdiction to entertain this case.

B. **Fannie Mae's Request for Costs**

Fannie Mae also seeks all costs related to its motion to remand. Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). In applying section 1447(c), the court must consider "whether the defendant had objectively reasonable grounds

**Memorandum Opinion and Order – Page 6**

to believe the removal was legally proper." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). The decision whether to award costs is within the court's discretion. *Id.* at 292.

The court determines that Collins's removal was not objectively reasonable; however, Collins is proceeding *pro se* and filed a pauper's affidavit in state court. Collins does not have the means to pay attorney's fees and costs incurred as a result of the removal, which would easily exceed $2,000. While this case should have never been removed, the court in exercising its discretion determines that the interests of justice are not served by awarding costs and attorney's fees to Plaintiff under these circumstances. The court will not permit an award of costs and attorney's fees.

## IV. Conclusion

For the foregoing reasons, the court determines that it lacks subject matter jurisdiction over this civil action. Therefore, the court **grants** Federal National Mortgage Association's Motion to Remand and **remands** this action to the County Court at Law No. 2, Dallas County, Texas, pursuant to 28 U.S.C. § 1447(c). The court **denies** Plaintiff's request for costs and attorney's fees. The clerk of the court shall effect the remand in accordance with the usual procedure.

**It is so ordered** this 30th day of July, 2010.

Sam A. Lindsay
United States District Judge